FILED
SUPERIOR COURT
OF GUAM

2018 JUN -8 AM 9: 04

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0225-18 |
| v. | |
| JONATHAN TORRES TEDTAOTAO, DOB: 04/25/1971, | DECISION AND ORDER DENYING DEFENDANT'S MOTION AND APPLICATION FOR BAIL REDETERMINATION HEARING |
| DEFENDANT. | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on May 22, 2018 for Defendant John Torres Tedtaotao ("Defendant") Motion and Application for Bail Redetermination Hearing Under 8 GCA § 40.50 for Release on Personal Recognizance (the "Motion for Release"). Defendant was present and represented by Assistant Public Defender William Jones. The People of Guam were represented by Assistant Attorney General Terry VanEaton. Having reviewed the parties' arguments, the record, and the relevant law, the Court ruled from the bench DENYING Defendant's Motion for Release. The Court issues this Decision and Order to memorialize its ruling and in compliance with 8 Guam Code Annotated ("GCA") § 40.50.

## BACKGROUND

Defendant is charged with: BURGLARY (as a 2nd Degree Felony), Two Counts of THIRD DEGREE ROBBERY (as a 3rd Degree Felony), and Two Counts of ASSAULT (as a Misdemeanor). Defendant is accused of entering an acupuncture clinic with the intent to commit theft. People's Opp. to Mot. for Release on Personal Recognizance, at p. 2 (Apr. 30, 2018).

Defendant allegedly took the victim's purse from an office inside the clinic and struck the victim and her husband during his escape. *Id.*

Defendant is confined pending the posting of ten thousand dollars ($10,000) cash bail. Magistrate's Hearing (Apr. 13, 2018). Defendant filed the instant Motion for Release on April 24, 2018. The People opposed the Motion for Release for reasons provided in its Opposition to Motion and Application for Bail Redetermination for Release on Personal Recognizance (Apr. 30, 2018).

## **LAW**

Title 8 of the Guam Code Annotated § 40.15(b) provides that the Court must "order the person charged to be released on recognizance, *unless the judge determines,* in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." (emphasis added). In making such a determination, the Court is guided by the following factors:

(1) The nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) The history and characteristics of the person charged, including:
    (A) length of his residence on Guam;
    (B) his employment status and history, and financial condition;
    (C) his family ties and relationships
    (D) his reputation, character, and mental and physical condition;
    (E) his prior criminal record, if any, including any record of prior release on recognizance or on bail;
    (F) his history relating to drug or alcohol abuse;
    (G) the identity of the reasonable members of the community who will vouch for his reliability;
    (H) whether, at the time of the current offense or arrest, he was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence of an offense under federal, state or local law; and
    (I) his/her history of compliance with other court orders;
(3) The nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released;
(4) Statements of the alleged victim or others as to previous incidences of violence and threats made to the alleged victim;
(5) Lethality risk assessments or other risk assessments deemed appropriate by the Judiciary of Guam; and

(6) Any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 GCA § 40.15(c).

## ANALYSIS

In addition to the arguments asserted in Defendant's written motion, Defendant proffers if the motion is granted, he is willing to enter into a treatment program at the Lighthouse Recovery Center. However, the circumstances at this point does not cause this Court to believe Defendant's compliance and appearance and the safety of the community is assured, particularly because Defendant has not been assessed by the program.[1] Further the Court relies on its familiarity with the program and its extensive waiting list to secure enrollment. Therefore, without an assessment or assurances for secured enrollment by Lighthouse Recovery, a determination based on Defendant's new profound contention is premature. Relying on the People's opposition and uncertainty of Defendant's admission into the inpatient program, the Court concludes denial of Defendant's Motion is appropriate. Defendant, however, is not precluded from lodging an appropriate request should the circumstances substantially or materially change in the future.

## CONCLUSION

For the reasons stated herein, the Court hereby DENIES Defendant's Motion and Application for Bail Redetermination Hearing for Release on Personal Recognizance.

A Pre-trial Conference is scheduled for January 8, 2019 at 11:00 a.m.

SO ORDERED this _____ JUN 08 2018 _____, nunc pro tunc May 22, 2018.

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of _____

Date _____ Time: _____

Deputy _____ nor Court of G.

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

[1] The Court issued an Order After Hearing (May 24, 2018) for transport of Defendant to the Lighthouse Recovery Center for an assessment appointment scheduled on May 29, 2018.